ROD M. FLIEGEL, Bar No. 168289
ANGELA J. RAFOTH, Bar No. 241966
LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone: 415.433.1940
Fax No.: 415.399.8490

Attorneys for Defendants
THE SALVATION ARMY and THE SALVATION
ARMY EL SOBRANTE RESIDENCES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEDRIA PARKER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE SALVATION ARMY, a California corporation; SALVATION ARMY OF THE UNITED STATES, a New York corporation; THE SALVATION ARMY EL SOBRANTE RESIDENCES, INC., a California corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 4:20-cv-08585-JSW<br><br>**DEFENDANTS THE SALVATION ARMY AND THE SALVATION ARMY EL SOBRANTE RESIDENCES, INC.'S NOTICE OF MOTION AND MOTION TO STAY ALL PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY**<br><br>Date: January 19, 2021<br>Time: 9:00 a.m.<br>Dept.: Courtroom 5, Second Floor<br>Judge: Hon. Jeffrey S. White<br><br>Complaint Filed: November 2, 2020 |

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

Case No. 4:20-cv-08585-JSW

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY ALL PROCEEDINGS; MPA

**TO PLAINTIFF CASEDRIA PARKER AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE that** on January 29, 2021 at 9:00 a.m., or soon thereafter as the matter may be heard in the above-captioned Court, located at 1301 Clay Street, Oakland, California, 94612, Defendants THE SALVATION ARMY and THE SALVATION ARMY EL SOBRANTE RESIDENCES, INC. ("Defendants") will and hereby do move the Court for an order temporarily staying all proceedings and discovery in this matter under the Fair Credit Reporting Act ("FCRA") in their entirety, pending a ruling by the United States Supreme Court in *Trans Union v. Ramirez*, Case No. 20-297 ("*Trans Union*").

This Motion is made on the grounds that the Supreme Court in *Trans Union* granted a petition for a writ of *certiorari* on December 16, 2020, to decide an issue critical to both the rights of Plaintiff to bring this action as a putative class action, and to the management and ultimate merits of this action: "[w]hether either Article III or Rule 23 permits a damages class action where the vast majority of the class suffered no actual injury, let alone an injury anything like what the class representative suffered." *Trans Union LLC v. Ramirez*, __ S.Ct. __, 2020 WL 7366280, at *1 (U.S. Dec. 20, 2020) (granting *certiorari* to Question 1 presented by the petition, 2020 WL 5411253 at i (U.S. Sept. 2, 2020)). Granting a temporary stay is within this Court's discretion, is a common outcome in district courts in this Circuit where relevant questions are pending for appellate determination, and will promote judicial economy by postponing discovery, class certification proceedings, and substantive case management, until the Supreme Court has determined the viability of the claim presented and provided direction regarding the elements or burdens of Plaintiff in proving his claim on a class basis. Discovery should be temporarily deferred while it is made more clear whether Plaintiff Casedria Parker ("Plaintiff") can maintain a class action under Rule 23 to litigate her claims against Defendants as class action claims.

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the pleadings and files of the Court herein, and on such further argument and evidence as may be presented at the time of the hearing of this matter.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

1.   Case No. 4:20-cv-08585-JSW
DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY ALL PROCEEDINGS; MPA

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................. 1

II. STATEMENT OF FACTS .................................................................................................... 2

    A. Plaintiff's Allegations in This Action ............................................................................. 2

    B. The *Trans Union* Action Pending Before The Supreme Court ...................................... 3

III. LAW AND ARGUMENT ..................................................................................................... 5

    A. This Court Has Authority to Stay Proceedings In This Action. ...................................... 5

    B. This Court Should Temporarily Stay Proceedings In This Action. ................................. 7

        1. The Supreme Court Will Address Relevant Issues That Cast Doubt On Current Ninth Circuit Law Interpreting *Spokeo*. ................................................................. 7

            a. This Action Implicates The Questions Raised in *Trans Union*. ..................... 7

            b. Current Ninth Circuit Law May Be Invalidated Or Limited By The Supreme Court In *Trans Union*. ..................................................................... 8

        2. A Temporary Stay Will Not Harm Or Prejudice Plaintiff. ..................................... 9

        3. Defendants Will Suffer Prejudice Without A Stay. .............................................. 11

        4. A Brief Stay Promotes Efficient And Just Resolution Of Plaintiff's Claims ...... 12

IV. CONCLUSION .................................................................................................................... 12

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

i.   Case No. 4:20-cv-08585-JSW

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY ALL PROCEEDINGS; MPA

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Chattanond v. Discover Fin. Servs., LLC*,
  2016 WL 8202736 (C.D. Cal. Feb. 26, 2016) ................................................................. 6, 10

*CMAX, Inc. v. Hall*,
  300 F.2d 265 (9th Cir. 1962) ................................................................................................ 6

*Ellison Framing, Inc. v. Zurich Am. Ins. Co.*,
  805 F. Supp. 2d 1006 (E.D. Cal. 2011) ................................................................................ 5

*Ganezer v. DirectBuy, Inc.*,
  571 F.3d 846 (9th Cir. 2009) ................................................................................................ 6

*In re Taco Bell Wage and Hour Actions*,
  No. 1:07-CV-01314-OWW, 2011 WL 3846727 (C.D. Cal. Aug. 30, 2011) ....................... 6

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936) ......................................................................................................... 5, 6

*Leyva v. Certified Grocers of Cal., Ltd.*,
  593 F.2d 857 (9th Cir. 1979) .............................................................................................. 12

*Lindell v. Synthes USA*,
  No. 1:11-CV-2053-LJO-BAM, 2012 WL 1657197 (E.D. Cal. May 10, 2012) ................... 6

*Lopez v. Am. Express Bank, FSB*,
  No. 9-cv-07335-SJO-MAN, 2010 WL 3637755 (C.D. Cal. Sept. 17, 2010) ..................... 10

*Lopez v. Miami-Dade Cty.*,
  145 F. Supp. 3d 1206 (S.D. Fla. 2015) .......................................................................... 7, 10

*McArdle v. AT&T Mobility LLC*,
  2010 U.S. Dist. LEXIS 73519 (N.D. Cal. July 20, 2010) .................................................... 6

*Milkowski v. Thane Int'l, Inc.*,
  No. 03-01031-JVS-SGLx, 2008 WL 11342962 (C.D. Cal. July 21, 2008) ......................... 7

*Nationstar Mortg., LLC v. Springs at Spanish Trail Ass'n*,
  2017 WL 752775 (D. Nev. Feb. 27, 2017) .......................................................................... 7

*NGV Gaming, Ltd. v. Harrahs' Operating Co.*,
  No. 04-3955-SC, 2008 WL 4951587 (N.D. Cal. Nov. 18, 2008) ......................................... 7

*Ortega v. J.B. Hunt Trans., Inc.*,
  258 F.R.D. 361 (N.D. Cal. 2009) ......................................................................................... 6

*Pesticide Action Network N. Am. v. Environmental Prot. Agency*,
  No. 08-1814-MHP, 2008 WL 5130405 (N.D. Cal. Dec. 5, 2008) ..................................... 12

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

ii.                                     Case No.  4:20-cv-08585-JSW
DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY ALL PROCEEDINGS; MPA

*Provo v. Rady Children's Hosp.-San Diego*,
   No. 15CV0081-JM-BGS, 2015 WL 6144029 (S.D. Cal. July 29, 2015) .................. 7, 10

*Ramirez v. Trans Union LLC*,
   2020 WL 5411253 (U.S. Sept. 2, 2020) ............................................................. 1, 3, 5

*Ramirez v. Trans Union LLC*,
   951 F.3d 1008 (9th Cir. 2020) ............................................................................. passim

*Reynolds v. Geico Corp.*,
   No. 2:16-cv-01940-SU, 2017 WL 815238 (D. Or. Mar. 1, 2017) ........................... 10

*Rivers v. Walt Disney Co.*,
   980 F. Supp. 1358 (C.D. Cal. 1997) ........................................................................ 7

*Robins v. Spokeo, Inc.* (*Spokeo III*),
   867 F.3d 1108 (9th Cir. 2017) ................................................................................. 9

*Robledo v. Randstad US, L.P.*,
   No. 17-CV-01003-BLF, 2017 WL 4934205 (N.D. Cal. Nov. 1, 2017) ..................... 11

*Rodriguez v. Cleansource, Inc.*,
   No. 14-CV-0789-L-DHB, 2015 WL 12434307 (S.D. Cal. Feb. 26, 2015) ................ 11

*Rossano v. Fashion Mktg. & Merch. Grp. Inc.*,
   2020 WL 4288059 (C.D. Cal. May 4, 2020) ............................................................. 6

*Safeco Ins. Co. of Am. v. Burr*,
   551 U.S. 47 (2007) .................................................................................................... 3

*Schartel v. OneSource Tech., LLC*,
   No. 1:15 CV 1434, 2015 WL 7430056 (N.D. Ohio Nov. 17, 2015) .......................... 10

*Sensibaugh v. EF Educ. First, Inc.*,
   No. 20-cv-1068-MWF-PVC, 2020 WL 3455641 (C.D. Cal. May 7, 2020) ............... 10

*Spokeo, Inc. v. Robbins*,
   136 S.Ct. 1540 (2016) ........................................................................................ passim

*St. Louis Heart Ctr., Inc. v. Athenahealth, Inc.*,
   No. 4:15-CV-01215-AGF, 2015 WL 6777873 (E.D. Mo. Nov. 4, 2015) .................. 10

*Syed v. M-I, LLC*,
   853 F.3d 492 (9th Cir. 2017) ..................................................................................... 9

*Trans Union LLC v. Ramirez*,
   __ S.Ct. __, 2020 WL 7366280 (U.S. Dec. 20, 2020) ........................................ passim

*Williams v. Strickland*,
   87 F.3d 1064 (9th Cir. 1996) ..................................................................................... 2

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

iii.                           Case No. 4:20-cv-08585-JSW

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY ALL PROCEEDINGS; MPA

**Statutes**

15 U.S. Code section 1681a(p) .................................................................................................... 4

15 U.S. Code section 1681b(b)(2)(A) ...................................................................................... 2, 8

15 U.S. Code section 1681b(b)(2)(A)(i) ...................................................................................... 9

15 U.S. Code section 1681b(b)(2)(A)(ii) ..................................................................................... 9

15 U.S. Code section 1681c ......................................................................................................... 4

15 U.S. Code section 1681d(a) .................................................................................................... 2

15 U.S. Code section 1681d(a)(l) ............................................................................................ 2, 4

15 U.S. Code section 1681e(b) .................................................................................................... 4

15 U.S. Code section 1681g ......................................................................................................... 4

15 U.S.C. section 1681g(a) .......................................................................................................... 8

15 U.S. Code section 1681g(a)(1) ........................................................................................... 4, 7

15 U.S. Code section 1681g(c) ................................................................................................ 2, 8

15 U.S. Code section 1681g(c)(2) ........................................................................................ 4, 7, 8

Federal Rules of Civil Procedure, Rule 23(b)(3) ..................................................................... 3, 5

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

iv.                                    Case No. 4:20-cv-08585-JSW

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY ALL PROCEEDINGS; MPA

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Defendants THE SALVATION ARMY and THE SALVATION ARMY EL SOBRANTE RESIDENCES, INC. ("Defendants") respectfully request that this Court temporarily stay all proceedings and discovery in this matter in their entirety, pending a ruling by the United States Supreme Court in *Trans Union v. Ramirez*, Case No. 20-297 ("*Trans Union*"). On December 16, 2020, the Supreme Court granted *certiorari* to consider "[w]hether either Article III or Rule 23 permits a damages class action where the vast majority of the class suffered no actual injury." *Trans Union LLC v. Ramirez*, __ S.Ct. __, 2020 WL 7366280, at *1 (U.S. Dec. 20, 2020) (granting *certiorari* to Question 1 presented by the petition, 2020 WL 5411253 at i (U.S. Sept. 2, 2020)). This question goes to the very heart of the viability and management of this action under the Fair Credit Reporting Act ("FCRA"). Like this action, *Trans Union* involves allegations of inadequate disclosures under the FCRA and addresses the level and type of injury that must be alleged (and proven) to establish standing and sustain putative class claims under that statute.

It is beyond dispute that staying proceedings and discovery pending the resolution of a pending appellate question is well within this Court's discretion, and is a common outcome in district courts in the Ninth Circuit. Particularly where, as here, the question presented in the pending Supreme Court matter goes to threshold questions of this Court's jurisdiction, Plaintiff's standing, and the availability of the class action mechanism for prosecution of these claims, a stay will promote judicial economy by preventing proceedings where the viability and merits of the alleged claim are uncertain. This action was recently filed, and no discovery or proceedings have occurred, resulting in no prejudice to the parties with a temporary stay. Particularly where the case specifically involves allegations only of a discrete *past* violation (inadequate disclosure in a pre-employment background check in 2018) with no ongoing damages or likelihood of recurrence, Plaintiff faces no harm from a temporary stay that will determine the fundamental rights of the parties in this action.

Accordingly, Defendants respectfully request that their Motion to Stay All Proceedings should be granted.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

1.   Case No. 4:20-cv-08585-JSW

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY ALL PROCEEDINGS; MPA

## II.  STATEMENT OF FACTS

### A.  Plaintiff's Allegations in This Action

Defendant The Salvation Army ("TSA") is a Christian Church and non-profit religious organization. *See Williams v. Strickland*, 87 F.3d 1064, 1065 (9th Cir. 1996) (the Ninth Circuit Court of Appeals has confirmed that TSA "[i]s a non-profit religious and charitable organization"). Plaintiff Casedria Parker worked briefly for TSA in 2018 as one of its highly recognizable Christmas Kettle Workers.[1] In connection with her application for employment, Plaintiff alleges that Defendants performed a "background investigation" and provided her with a disclosure and authorization form for that investigation. [Dkt. 1-1, ¶ 24.][2]

Plaintiff filed this action on November 2, 2020, in San Mateo County Superior Court, Case No. 20-CIV-04787. [Dkt. 1-1 (file stamped caption page).] Plaintiff exclusively alleges that Defendants violated the FCRA with regards to the disclosure documents she was provided in the context of her pre-employment background check. [Dkt. 1-1, at ¶¶ 46, 60.] Specifically, Plaintiff contends that "Defendant did not provide legally compliant disclosure and authorization forms to Plaintiff and the putative class as they contained extraneous and superfluous language. Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be 'clear and conspicuous' and 'clear and accurate,' and thus violates Sections 1681b(b)(2)(A) and 1681d(a)." [Dkt. 1-1, ¶ 25.] Plaintiff further alleges that "Defendant did not [provide] the disclosure and authorization forms properly and accurately provide a summary of rights and the law under the FCRA." [Dkt. 1-1, ¶ 27.] Plaintiff therefore alleges two causes of action for (1) Failure to Provide Proper Disclosure Under the FCRA, 15 U.S.C. § 1681b(b)(2)(A) [Dkt. 1-1, ¶¶ 28-48], and (2) Failure to Give Proper Summary of Rights In Violation of the FCRA, 15 U.S.C. §§ 1681d(a)(l) and 1681g(c). [Dkt. 1-1, ¶¶ 49-62.]

---

[1] Plaintiff was hired on December 17, 2018 as a temporary seasonal Christmas Kettle Worker. She worked in that position for a total of *9 hours* before the season – and her temporary position – ended on December 31, 2018.

[2] Plaintiff has sued three entity Defendants, including TSA, which she appears to allege are in some way liable for the alleged unlawful conduct with regard to her pre-employment background screening. [*See* Dkt. 1-1, ¶¶ 9-11, 13-14.] Plaintiff only applied for employment with and worked for TSA.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

2.   Case No. 4:20-cv-08585-JSW
DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY ALL PROCEEDINGS; MPA

In pursuing her FCRA claims, Plaintiff seeks to represent a sweeping nationwide class reaching back five years to 2015 of "[a]ll of Defendants' current, former and prospective applicants for employment in the United States who applied for a job with Defendants at any time during the period for which a background check was performed beginning five years prior to the filing of this action and ending on the date that final judgment is entered in this action." [Dkt. 1-1, ¶ 16.] Plaintiff asserts that "Plaintiff and class members have been injured, including but not limited to, having their privacy and statutory rights invaded in violation of the FCRA." [*Id.*, ¶¶ 46, 60.] On behalf of herself and this purported class, Plaintiff seeks a panoply of remedies specifically including actual and punitive damages, restitution and declaratory relief, statutory penalties, civil penalties, costs of suit and attorneys' fees. [*Id.* at 14 (Prayer for Relief).]

Plaintiff properly served Defendants with process in this action on November 4, 2020. Based on her causes of action exclusively alleging violation of a federal statute (the FCRA), Defendants timely removed the action to this Court on December 4, 2020.  [Dkt. 1 (Notice of Removal).]

### B.  The *Trans Union* Action Pending Before The Supreme Court

On December 20, 2020, the United States Supreme Court granted *certiorari* in a case involving FCRA disclosure (and other) claims, *Ramirez v. Trans Union LLC*, to address the standing and class certification requirements for class actions seeking damages under Rule 23(b)(3). Specifically, the Supreme Court will be imminently addressing "[w]hether either Article III or Rule 23 permits a damages class action where the vast majority of the class suffered no actual injury, let alone an injury anything like what the class representative suffered." *Trans Union LLC v. Ramirez*, __ S.Ct. __, 2020 WL 7366280, at *1 (U.S. Dec. 20, 2020) (granting *certiorari* to Question 1 presented by the petition, 2020 WL 5411253 at i (U.S. Sept. 2, 2020)).

In *Trans Union*, the Plaintiff challenged a consumer reporting agency's compliance with its disclosure and notice-of-rights obligations under the FCRA – obligations which are different than the obligations imposed on employers, but which essentially serve the same function and purpose "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). In that

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

action, the plaintiff, Sergio Ramirez, had suffered embarrassment and shock when a credit report run on him at a car dealership reported a false "match" to his name on a list of "Specially Designated Individuals" with whom businesses are not allowed to transact based on federal anti-terrorism laws. *See Ramirez v. Trans Union LLC*, 951 F.3d. 1008, 1017-18 (9th Cir. 2020).  Following this incident, he requested a copy of his credit file from Trans Union, pursuant to 15 U.S.C. § 1681g, and the subsequent litigation related, in part, to how he received information in response to that request. *Id.* at 1018-19, 1022.  Ramirez pursued claims on behalf of himself and a class of each individual who "(1) was falsely labeled by TransUnion's name-only software as a potential OFAC match; (2) requested a copy of his or her credit report from TransUnion; and (3) in response, received a credit-report mailing with the OFAC alert redacted and a separate OFAC Letter mailing with no summary of rights." *Id.* at 1022.  Three claims under the FCRA ultimately went to trial:

> First, the class alleged that TransUnion willfully failed to follow reasonable procedures to assure accuracy of the OFAC alerts because TransUnion used rudimentary name-only matching software without any additional checks to avoid false positives. *See* 15 U.S.C. § 1681e(b). Second, the class alleged that TransUnion willfully failed to disclose to the class members their entire credit reports by excluding the OFAC alerts from the reports. *See id.* § 1681g(a)(1). Third, the class alleged that TransUnion willfully failed to provide a summary of rights as required under the FCRA when it sent consumers the OFAC Letters. *See id.* § 1681g(c)(2).[3]

---

[3] Section 1681g is an informational provision that provides that "[e]very consumer reporting agency shall, upon request . . . clearly and accurately disclose to the consumer" certain information, including, as relevant to *Trans Union*, "[a]ll information in the consumer's file at the time of the request." 15 U.S.C. § 1681d(a)(1).  The provision also requires that the response to a consumer's request be accompanied by the following:

(A) the summary of rights prepared by the Bureau under paragraph [c](1);

(B) in the case of a consumer reporting agency described in section 1681a(p) of this title, a toll-free telephone number established by the agency, at which personnel are accessible to consumers during normal business hours;

(C) a list of all Federal agencies responsible for enforcing any provision of this subchapter, and the address and any appropriate phone number of each such agency, in a form that will assist the consumer in selecting the appropriate agency;

(D) a statement that the consumer may have additional rights under State law, and that the consumer may wish to contact a State or local consumer protection agency or a State attorney general (or the equivalent thereof) to learn of those rights; and

(E) a statement that a consumer reporting agency is not required to remove accurate derogatory information from the file of a consumer, unless the information is outdated under section 1681c of this title or cannot be verified.

*Id.*, § 1681g(c)(2).

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

4.

Case No.  4:20-cv-08585-JSW

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY ALL PROCEEDINGS; MPA

*Id.* Following a jury verdict for $60 million in favor of the class, Trans Union sought appellate review. The Ninth Circuit affirmed the judgment, with the exception of reducing the punitive damages amount to a 4:1 multiple of the statutory damages award. In its petition for review by the Supreme Court, Trans Union claimed that the case presented a circuit split in operation of principles of Article III standing, because the class members other than plaintiff presented no evidence that any third party received the alleged inaccurate information, or even that they read the allegedly confusing disclosures by Trans Union. *See Ramirez v. Trans Union LLC,* 2020 WL 5411253 at *23-26 (U.S. Sept. 2, 2020) (Petition for *certiorari*).

In addressing the question presented on which *certiorari* is granted, the Supreme Court can be expected to address and elaborate upon the Article III standing requirement for "injury in fact" in the context of statutory violations alleged on behalf of a class that does not claim actual damages from the alleged violation, but rather informational injury. The Supreme Court's previous guidance on this issue in *Spokeo, Inc. v. Robbins*, 136 S.Ct. 1540 (2016), has generated a split of interpretation between the circuits. *See Ramirez v. Trans Union LLC,* 2020 WL 5411253 at 23-26 (U.S. Sept. 2, 2020) (Petition for *certiorari*). Resolution of this split specifically relates to whether a deficient disclosure (the basis of Plaintiff's claims in the present action) is sufficient injury to sustain an action in federal court for violation of the FCRA. Therefore, guidance from the Supreme Court on this issue will likely impact the viability of the present action as well as the burden and elements of proof on the class's ultimate claims under Rule 23(b)(3).

### III.  LAW AND ARGUMENT

**A.  This Court Has Authority to Stay Proceedings In This Action.**

This Court has the inherent authority to stay proceedings based on the potential impact of other pending actions. *See Ellison Framing, Inc. v. Zurich Am. Ins. Co.*, 805 F. Supp. 2d 1006, 1012 (E.D. Cal. 2011). Determining whether to grant a motion to stay "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). Those interests include the possible damage which may result from the granting of a stay, the hardship or inequity a party may suffer in being required to go forward, and the orderly course of justice measured in terms of simplifying or complicating of

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

5.    Case No. 4:20-cv-08585-JSW

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY ALL PROCEEDINGS; MPA

issues, proof, and questions of law that could be expected to result from a stay. *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55).

Moreover, courts routinely grant motions to stay while similar issues are pending in higher courts. *See, e.g., Ganezer v. DirectBuy, Inc.*, 571 F.3d 846 (9th Cir. 2009) (remanding with instructions to stay proceedings pending a decision by the United States Supreme Court in a related case); *McArdle v. AT&T Mobility LLC*, 2010 U.S. Dist. LEXIS 73519 (N.D. Cal. July 20, 2010) (granting stay based on defendant's argument that a decision in a similar case pending before the Supreme Court could require the district court to vacate any rulings, including any class certification, in the putative class action before it).  Where legal issues are pending before a higher court and it is likely that court's ruling will have "a significant impact on the course of this litigation, a stay will serve the interests of the parties and the orderly course of justice measured in terms of the simplifying . . . . of issues, proof, and questions of law which could be expected to result from a stay." *Ortega v. J.B. Hunt Trans., Inc.*, 258 F.R.D. 361, 371 (N.D. Cal. 2009) (quoted citation omitted; staying case pending resolution of cases by California Supreme Court that presented same legal issues); *see also In re Taco Bell Wage and Hour Actions*, No. 1:07-CV-01314-OWW, 2011 WL 3846727, at *2 (C.D. Cal. Aug. 30, 2011) ("For a stay to be appropriate it is not required that the issues of such proceedings are necessarily controlling of the action before the court.").  Indeed, "the existence of another proceeding that may have a substantial impact on a pending case is a particularly compelling reason to grant a stay. . . . This rule . . . . does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Lindell v. Synthes USA*, No. 1:11-CV-2053-LJO-BAM, 2012 WL 1657197, at *2 (E.D. Cal. May 10, 2012).

This is particularly true where related principles are on review (or even *potentially* on review) by the Supreme Court. *See, e.g., Chattanond v. Discover Fin. Servs., LLC*, 2016 WL 8202736, at *3 (C.D. Cal. Feb. 26, 2016) (staying case alleging statutory violation (TCPA) pending outcome of Supreme Court case where *certiorari* has been granted); *Rossano v. Fashion Mktg. & Merch. Grp. Inc.*, 2020 WL 4288059, at *2 (C.D. Cal. May 4, 2020) (same; noting, among other considerations for the stay, "Supreme Court is likely to rule in a way that will provide clarity and have an impact here . . . confirming which circuit's test is appropriate"); *Provo v. Rady Children's Hosp.-San Diego*, No.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

6.    Case No.  4:20-cv-08585-JSW

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY ALL PROCEEDINGS; MPA

15CV0081-JM-BGS, 2015 WL 6144029, at *2 (S.D. Cal. July 29, 2015) (staying case where Supreme Court accepted *certiorari* review; "a stay of this action will potentially streamline this case by identifying controlling legal principles, and identifying the scope of discovery"); *see also NGV Gaming, Ltd. v. Harrahs' Operating Co.*, No. 04-3955-SC, 2008 WL 4951587, at *1 (N.D. Cal. Nov. 18, 2008) (staying case pending resolution of *certiorari* petition, noting possible circuit split); *Milkowski v. Thane Int'l, Inc.*, No. 03-01031-JVS-SGLx, 2008 WL 11342962, at *2 (C.D. Cal. July 21, 2008) (staying case pending resolution of *certiorari* petition where grant of petition and resolution of issues in favor of moving party could render further action by district court unnecessary); *Nationstar Mortg., LLC v. Springs at Spanish Trail Ass'n*, 2017 WL 752775, at *2 (D. Nev. Feb. 27, 2017) (continuing stay pending Supreme Court ruling on *certiorari* petition); *Lopez v. Miami-Dade Cty.*, 145 F. Supp. 3d 1206, 1208 (S.D. Fla. 2015) (staying case under FACTA while *Spokeo* was pending before the Supreme Court, because its standing guidance under the FCRA was likely to apply to the requirements as to other statutory claims). Here, *certiorari* has been granted on a question that impacts threshold standing and jurisdictional questions in this matter.

In summary, in determining if a stay is appropriate the Court considers judicial economy, hardship to the movant, and potential prejudice to the non-movant. *See Rivers v. Walt Disney Co.,* 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). In this matter, where the case is in its infancy and no ongoing harm or damages are alleged, all of the factors strongly support the propriety of a stay.

**B.     This Court Should Temporarily Stay Proceedings In This Action.**

  **1.     The Supreme Court Will Address Relevant Issues That Cast Doubt On Current Ninth Circuit Law Interpreting *Spokeo*.**

    **a.     This Action Implicates The Questions Raised in *Trans Union*.**

In *Trans Union*, the Supreme Court will be addressing Article III standing principles and injury-in-fact standards for FCRA disclosure requirements similar in purpose to the provisions at issue in the present case. The plaintiff in *Trans Union* brought his claims under three specific provisions applicable to consumer reporting agencies, two of which are the "clear and accurate" disclosure requirement under Section 1681g(a)(1) and the "summary of rights" disclosure requirement under Section 1681g(c)(2). *See Ramirez v. Trans Union LLC*, 951 F.3d. at 1022. Ramirez's claim under

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

7.     Case No. 4:20-cv-08585-JSW
DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY ALL PROCEEDINGS; MPA

these provisions arose from the fact that Trans Union provided information responsive to his request in two separate envelopes, only one of which contained a summary of rights compliant with Section 1681g(c)(2). The Ninth Circuit affirmed the jury's finding that this two-envelope disclosure violated Section 1681g(a) and (c), and "exposed every class member to a material risk of harm to the core interests the FCRA was designed to protect – their interests in being able to monitor their credit reports and promptly correct inaccuracies." *Id.* at 1030. In so holding, the Ninth Circuit concluded that class members who stated no injury other than having received the mailing (even if they did not open or read the information) had standing to bring the claims under Article III and recover under the statute. *Id.* at 1028-30.

Similar to the disclosure violations in *Trans Union*, the claims in the present matter relate to whether disclosures were "clear and conspicuous" under Section 1681b(b)(2)(A) [Dkt. 1-1, ¶¶ 33-38 (First Cause of Action)], and whether a compliant "summary of rights" was provided in connection with the disclosure as required by Section 1681g(c) [Dkt. 1-1, ¶¶ 54-59 (Second Cause of Action)]. Although the disclosure claims here arise based on disclosures in a different context – pre-employment background checks rather than a credit file request – they involve the same interests of consumers to clearly understand for what and how their information is being used, and, in the case of the "summary of rights" claim, involve the identical statutory provision. The Supreme Court's direction on what a class must establish to show injury for standing purposes in the context of alleged violation of these statutory disclosure rights will necessarily apply to the claims at issue in the present case.

     **b.**  **Current Ninth Circuit Law May Be Invalidated Or Limited By The Supreme Court In *Trans Union*.**

In 2016, the Supreme Court issued its decision in *Spokeo, Inc. v. Robbins*, 136 S.Ct. 1540 (2016), holding that establishing an injury in fact for Article III standing required a "particularized" and "concrete" injury. 136 S.Ct. at 1548. Such injury, the Supreme Court held, must be "real, not abstract," and would not include all statutory violations. *Id.* at 1556. The Court observed that "[a] violation of one of the FCRA's procedural requirements may result in no harm" and, therefore, no standing. *Id.* at 1550.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

8.   Case No. 4:20-cv-08585-JSW
DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY ALL PROCEEDINGS; MPA

Beginning with the remand following *Spokeo*, the Supreme Court's decision has led to a series of Ninth Circuit decisions on the FCRA, including the *Trans Union* decision now before the Supreme Court, interpreting what is a violation of a "procedural requirement" that does not give rise to injury-in-fact.

> [The Ninth Circuit] adopted a two-part inquiry for determining whether the violation of a statutory right constitutes a concrete injury: (1) whether the statutory provisions at issue were established to protect [the plaintiff's] concrete interests (as opposed to purely procedural rights), and if so, (2) whether the specific procedural violations alleged ... actually harm, or present a material risk of harm to, such interests.

*Ramirez v. Trans Union LLC*, 951 F.3d at 1022 (quoting *Robins v. Spokeo, Inc.* (*Spokeo III*), 867 F.3d 1108, 1113 (9th Cir. 2017) (internal quotation marks omitted)).  The Ninth Circuit has established a body of law around this two-part test that will be squarely at issue when the Supreme Court considers the issue presented in *Trans Union*.  In *Syed v. M-I, LLC*, 853 F.3d 492, 499 (9th Cir. 2017), for example, the Ninth Circuit applied the *Spokeo III* test to hold that "clear and conspicuous" disclosure obligation – the same one alleged to have been violated here – creates substantive rights the violation of which amounts to a "concrete injury":

> The disclosure requirement at issue, 15 U.S.C. § 1681b(b)(2)(A)(i), creates a right to information by requiring prospective employers to inform job applicants that they intend to procure their consumer reports as part of the employment application process. The authorization requirement, § 1681b(b)(2)(A)(ii), creates a right to privacy by enabling applicants to withhold permission to obtain the report from the prospective employer, and a concrete injury when applicants are deprived of their ability to meaningfully authorize the credit check.

*Syed v. M-I, LLC,* 853 F.3d 492, 499 (9th Cir. 2017).  The Ninth Circuit's test, and its subsequent case law interpreting *Spokeo*, will be at issue when the Supreme Court considers *Trans Union*, which raises these questions of standing allegations and proof in the context of unnamed class members more broadly, potentially casting doubt on the viability of this body of post-*Spokeo* law.

### 2. A Temporary Stay Will Not Harm Or Prejudice Plaintiff.

Plaintiff will suffer no harm from a brief stay.  This matter is in its infancy – filed only a month before the Supreme Court granted *certiorari* in *Trans Union*.  The parties have not engaged in any

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY ALL PROCEEDINGS; MPA

proceedings or discovery, and, other than Defendants' notice of removal, this motion is the first substantive filing in the action. *See Sensibaugh v. EF Educ. First, Inc.*, No. 20-cv-1068-MWF-PVC, 2020 WL 3455641, at *2 (C.D. Cal. May 7, 2020) (granting the stay, in part because plaintiff was unlikely to suffer any significant harm by the stay because the action is in early stages of litigation and "[a] (relatively) young case, at least from the standpoint of litigation efforts, if not time alone, favors staying this action") (internal quotations and citations omitted); *St. Louis Heart Ctr., Inc. v. Athenahealth, Inc.*, No. 4:15-CV-01215-AGF, 2015 WL 6777873, at *5 (E.D. Mo. Nov. 4, 2015) (staying action while awaiting Supreme Court ruling because "the parties have conducted little, if any, discovery; and other than the instant motions, no substantive issues have been or are scheduled to be litigated").

Courts routinely recognize that the expected stay of proceedings expected when awaiting a decision by the Supreme Court is temporary, of limited duration, and does not create prejudice to Plaintiff. *See, e.g., Provo v. Rady Children's Hosp.–San Diego*, No. 15-cv-0081-JM-BGS, 2015 WL 6144029, at *2 (S.D. Cal. July 29, 2015) (granting stay and reasoning that "the Supreme Court is likely to issue a decision within one year and neither party will be significantly prejudiced by a less than one year delay"); *Lopez v. Am. Express Bank, FSB*, No. 9-cv-07335-SJO-MAN, 2010 WL 3637755, at *4 (C.D. Cal. Sept. 17, 2010) (granting stay pending decision by Supreme Court in upcoming term and holding that "the stay of action would conclude within a reasonable period of time"); *Lopez*, 145 F. Supp. 3d at 1208 (staying case pending *Spokeo* decision); *Schartel v. OneSource Tech., LLC*, No. 1:15 CV 1434, 2015 WL 7430056, at *2 (N.D. Ohio Nov. 17, 2015) (same).

Further, Plaintiff here alleges only a *fixed and past* statutory violation from an allegedly non-compliant disclosure provided in connection with her pre-employment background check. She does not claim ongoing harm or present damage or other basis for prejudice from a stay. *See Chattanond v. Discover Fin. Servs., LLC*, No. 15-cv-08549-RSWL-JCX, 2016 WL 8202736, at *3 (C.D. Cal. Feb. 26, 2016) (in case alleging violation of TCPA, granting stay and noting that "Plaintiff does not seek immediate injunctive relief to remedy an ongoing violation"); *Reynolds v. Geico Corp.*, No. 2:16-cv-01940-SU, 2017 WL 815238, at *4 (D. Or. Mar. 1, 2017) (Observing that "although plaintiff has

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

10.   Case No. 4:20-cv-08585-JSW
DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY ALL PROCEEDINGS; MPA

requested injunctive relief as well," only past violation is alleged and "nothing suggests" jeopardy to plaintiff or recurring violation).

Thus, a stay of this action will not harm or otherwise prejudice Plaintiff.

### 3. Defendants Will Suffer Prejudice Without A Stay.

Defendants, on the other hand, will face hardship and continued costly, potentially unnecessary litigation. Specifically, "moving forward without awaiting the Supreme Court ruling on these issues would result in significant expenditures of time and resources by the parties to litigate issues that may ultimately be invalidated." *Rodriguez v. Cleansource, Inc.*, No. 14-CV-0789-L-DHB, 2015 WL 12434307, at *3 (S.D. Cal. Feb. 26, 2015); *see also Robledo v. Randstad US, L.P.*, No. 17-CV-01003-BLF, 2017 WL 4934205, at *4 (N.D. Cal. Nov. 1, 2017) (staying district court case pending Supreme Court ruling because Defendant "would be required to defend a large class action and undergo discovery which could be rendered moot if the Supreme Court reverses the Ninth Circuit").

Absent a stay, Defendants will be forced to undertake costly discovery, including expert discovery, and produce documents and information potentially implicating the privacy interests of thousands of individuals who applied for employment with Defendants in the last five years. Further, as *Trans Union* relates to what an individual and, even more critically, unnamed class members, must prove to show standing or a cognizable injury from violation of the FCRA's disclosure requirements, resolution fundamentally impacts this action at every stage, including, *e.g.*, whether Plaintiff can maintain this action without allegations of concrete injury flowing from the alleged informational injury, what additional allegations would be necessary (and can be made) as to Plaintiff or the class members, whether revision of the proposed class definition is necessary, and what Plaintiff will need to show, and what discovery will be appropriate, to seek certification of any class.

Particularly where this case has not commenced discovery or dispositive proceedings, and no case management deadlines have been set, it fundamentally does not make sense for either party to engage in these efforts with a relevant threshold issue pending before the Supreme Court. The prejudice of denying a stay rests heavily on Defendants, moreover, as discovery in this case

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

11.   Case No. 4:20-cv-08585-JSW
DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY ALL PROCEEDINGS; MPA

could involve thousands of applicants and the burden of discovery unquestionably falls disproportionately on Defendants. Further, as the nature of the injury that must be shown goes also to an element of the claim itself, neither party can plan or prosecute the case until they can consider the Supreme Court's guidance on what must actually be proven in this regard.

### 4. A Brief Stay Promotes Efficient And Just Resolution Of Plaintiff's Claims

The Court may "stay proceedings as part of its inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Pesticide Action Network N. Am. v. Environmental Prot. Agency*, No. 08-1814-MHP, 2008 WL 5130405, at *4 (N.D. Cal. Dec. 5, 2008); *see Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.").

This Court should exercise its inherent authority to temporarily stay these proceedings because the balance of interests clearly weighs in favor of a temporary stay. A temporary stay will serve the orderly course of justice because it will avoid potentially unnecessary proceedings or discovery if the Supreme Court's ruling renders this matter unsustainable as pleaded. If the Supreme Court rules, for example, that class members must plead and prove an injury beyond the mere fact of inadequate disclosure, Plaintiff will need to amend her pleadings to elaborate on the privacy invasion or other harm experienced beyond the statutory right itself. [*See* Dkt. 1-1, ¶¶ 46, 60 ("Plaintiff and class members *have been injured, including but not limited to, having their privacy and statutory rights invaded in violation of the FCRA*.") (emphasis added).] The extent of amendment – and subsequent discovery and proof – will be dictated by the guidance provided by the Supreme Court in *Trans Union*. Proceedings and discovery prior to that decision will necessarily require speculation on these issues and potentially be rendered moot.

### IV. CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court temporarily stay all proceedings and discovery in this matter until such time that the United States Supreme Court issue its decision in the pending *Trans Union* case.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

12.    Case No. 4:20-cv-08585-JSW
DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY ALL PROCEEDINGS; MPA

Dated: December 23, 2020

/s/ *Rod M. Fliegel*
ROD M. FLIEGEL
ANGELA J. RAFOTH
LITTLER MENDELSON, P.C.
Attorneys for Defendants THE SALVATION ARMY and THE SALVATION ARMY EL SOBRANTE RESIDENCES, INC.

4815-4962-4789.3 058620.1270

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

13.   Case No. 4:20-cv-08585-JSW

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY ALL PROCEEDINGS; MPA